IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KINGDOM FRESH PRODUCE, INC. et al., | § § § § § § § § § § § § | CV NO. 5:14-MC-899-DAE |
| Plaintiffs, | | |
| v. | | |
| DELTA PRODUCE, LP et al., | | |
| Defendants. | | |

_____

ORDER DENYING PLAINTIFFS' MOTION TO WITHDRAW THE
REFERENCE

    Before the Court is a Motion to Withdraw the Reference (Dkt. # 1 at 2) filed by Plaintiffs Kingdom Fresh Produce, Inc., I. Kunik Company, Inc.; Five Brothers Jalisco Produce Co. Inc. d/b/a Bonanza 2011; Rio Bravo Produce Limited, LLC; and G.R. Produce, Inc. (collectively, "Kingdom Fresh" or "Plaintiffs").  The Court held a hearing on the motion on February 26, 2015.  At the hearing, Scott E. Hillison, Esq., represented Plaintiffs; Mark C.H. Mandell and Maurleen W. Cobb, Esqs., represented Craig Stokes, Special PACA Trust Counsel ("Special Counsel").  Upon careful consideration of the arguments asserted in the supporting and opposing memoranda, as well as the arguments presented at the

1

hearing, the Court **DENIES** Plaintiffs' Motion to Withdraw the Reference (Dkt. # 1 at 2).

## BACKGROUND

This matter arises out of the enforcement of a trust under the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499(a)–(t).  This matter incorporates three PACA lawsuits that were filed in the United States District Court for the Western District of Texas against Delta Produce LP ("Delta Produce"), a local produce company.

On January 3, 2012, Delta Produce filed for Chapter 11 bankruptcy. (Dkt. # 1 at 8.)  That month, the PACA claimants in the three PACA lawsuits consented to referral to the bankruptcy court for resolution of their PACA claims. (Id. at 45.)  The bankruptcy court then appointed the Special Counsel to adjudicate the PACA claims.  (See id. at 10.)  Over the next two years, the Special Counsel submitted three separate applications for fees, all of which the bankruptcy court granted.  (Id. at 10–26.)  Kingdom Fresh appealed the three orders to this Court. (Id. at 45–46.)

On September 27, 2013, this Court affirmed in part and vacated in part the bankruptcy court's order granting Special Counsel's First Interim Fee Application, which, per the parties' agreement, was also binding on the appeal of the Second Interim Fee Application.  Order, In re Delta Produce, No. 5:12-CV-

2

1127, Dkt. # 23 (W.D. Tex. Sept. 27, 2013); Order, In re Delta Produce, No. 5:13-CV-131, Dkt. # 7 (W.D. Tex. Mar. 12, 2013).  Special Counsel moved for reconsideration on October 11, 2013, which this Court denied on September 9, 2014.  Motion for Hearing, In re Delta Produce, No. 5:12-CV-1127, Dkt. # 24 (W.D. Tex. Oct. 11, 2013); Order, In re Delta Produce, No. 5:12-CV-1127, Dkt. # 42 (W.D. Tex. Sept. 9, 2014).  On September 22, 2014, this Court vacated the bankruptcy court's order granting Special Counsel's Third and Final Fee Application.  Memorandum Opinion and Order, In re Delta Produce, No. 5:14-CV-22, Dkt. # 15 (W.D. Tex. Sept. 22, 2014).  Special Counsel has appealed both rulings to the Fifth Circuit and is currently awaiting a decision.  In sum, funds in the amount of $380,409.99 are in controversy.  (Dkt. # 1 at 2.)

   On September 24, 2014, Kingdom Fresh filed the instant Motion to Withdraw the Reference.  (Id.)  On September 26, 2014, the Trustee of the Bankruptcy Estate filed a Response to the Motion.  (Id. at 39.)  On October 7, 2014, Defendants filed their Response opposing the Motion.  (Id. at 44.)  On October 9, 2014, the bankruptcy court transmitted the reference to this Court for adjudication.  (Id. at 1.)

   Meanwhile, on October 7, 2014, the bankruptcy court issued an order that allowed the trustee to close the bankruptcy estate with the right to reopen if any funds were realized from Delta Produce's interest in an abstract of judgment

on a property.  Agreed Order, In re Delta Produce, No. 12-50073-CAG, Dkt. # 663 at 1 (Bankr. W.D. Tex. Oct. 7, 2014).  The order specifically excluded from closure the controversy regarding the non-estate PACA trust assets and the recovery and disposition of the non-estate PACA trust assets.  (Id. at 2.)

## DISCUSSION

Plaintiffs argue that withdrawal from bankruptcy court is appropriate because the Trustee has requested to close the bankruptcy estate and the only remaining controversy involves non-estate property and non-code federal law.  (Dkt. # 1 at 3.)  Plaintiffs do not specify whether they invoke mandatory or permissive withdrawal.  Defendants counter that withdrawal is inappropriate because (1) Plaintiffs have waived any request for withdrawal; (2) there are no further issues regarding the Special Counsel's fees except for those currently pending before the Fifth Circuit; (3) the purpose of the motion is forum shopping; and (4) the motion is untimely.  (Id. at 47–50.)  The Trustee is opposed to the extent that the relief requested would require the closure of the bankruptcy estate in another court, but is not opposed to the extent that the relief requested does not impose any further burdens on the trustee or estate.  (Id. at 41.)

I.  Applicable Law

28 U.S.C. § 157(d) provides for two types of withdrawal from bankruptcy court: mandatory withdrawal and permissive withdrawal.  A district

court must withdraw on timely motion of a party if the resolution of the proceeding requires consideration of both Title 11 and other laws regulating organizations or activities affecting interstate commerce.  28 U.S.C. § 157(d).  However, a district court may withdraw, either upon timely motion of a party or its own motion, "for cause shown."  Id.  Courts generally interpret the withdrawal statute restrictively so as to avoid turning the statute into an "escape hatch" from bankruptcy court to district court.  Lifemark Hosps. of La., Inc. v. Liljeberg Enters., Inc., 161 B.R. 21, 24 (Bankr. E.D. La. 1993).

II. Waiver

Defendants first argue that Plaintiffs consented to the district court's original referral of the PACA claims to bankruptcy court and, accordingly, "any request for withdrawal has been waived."  (Dkt. # 1 at 47.)  Defendants provide no authority in support of this position.

Although the Fifth Circuit has not addressed waiver in this context, the bankruptcy court of the Southern District of Texas has commented:

> [T]he [plaintiffs'] consent [to bankruptcy court jurisdiction] does not serve as a complete bar to withdrawal.  The [plaintiffs'] motion to refer waived any constitutional objection to a final adjudication by the Bankruptcy Court. . . . However, Congress has provided an outlet for parties like the [plaintiffs] who originally consent to adjudication in an adjunct court, but later seek trial in the district court. . . . [A] party who consents to final adjudication by the Bankruptcy Court must file a motion to withdraw the reference.

5

Veldekens v. GE HFS Holdings, Inc., 362 B.R. 762, 769–770 (Bankr. S.D. Tex. 2007) (citations omitted) (citing Carter v. Sea Land Servs., Inc., 816 F.2d 1018, 1021 (5th Cir. 1987)).

The plain text of § 157(d) supports such a reading. The statute permits the district court to withdraw any proceeding "referred under this section." One basis for referral under § 157 is the consent of the parties. 28 U.S.C. § 157(c). The argument that, by consenting to the bankruptcy court's jurisdiction, Plaintiffs waived their right to file a motion to withdraw clearly contravenes the text of the statute. Accordingly, the Court finds that Plaintiffs' consent to the bankruptcy court's jurisdiction did not waive their ability to withdraw the proceedings to district court. The Court therefore considers whether withdrawal is mandatory or permissible.

III.   Mandatory Withdrawal

To trigger mandatory withdrawal, (1) the proceeding must involve a "substantial and material question of both title 11 and non-Bankruptcy Code federal law"; (2) "the non-Bankruptcy Code federal law [must have] more than a de minimis effect on interstate commerce"; and (3) "the motion for withdrawal [must be] timely filed." Lifemark Hosps., 161 B.R. at 24 (citing United States v. Gypsum Co. (In re Nat'l Gypsum Co.), 145 B.R. 539, 541 (Bankr. N.D. Tex. 1992)).

"To find that a claim involves 'substantial and material consideration' of non-bankruptcy federal law, the court must find the claim will involve an interpretation of the federal law rather than the mere application of well-settled law.  Withdrawal is thus mandatory 'when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law.'"  Rodriguez v. Countrywide Home Loans, Inc., 421 B.R. 341, 348 (Bankr. S.D. Tex. 2009); accord Lifemark Hosps., 161 B.R. at 24.

Although the proceedings do involve significant open and unresolved issues arising under PACA, both the bankruptcy court and this Court have already adjudicated those claims.  The Court no longer needs to interpret or undertake analysis of any non-Bankruptcy Code claims that are not currently pending before the Fifth Circuit.  Accordingly, withdrawal is not mandatory under §157(d).

IV.     Permissive Withdrawal

Courts consider six factors in assessing whether permissive withdrawal is appropriate: (1) whether the nature of the proceedings are core or non-core; (2) whether withdrawal promotes the economical use of the parties' resources; (3) whether withdrawal will promote uniformity in bankruptcy administration; (4) whether withdrawal motivates forum-shopping; (5) whether withdrawal will expedite the bankruptcy process; and (6) whether a party has demanded a jury trial.  Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992,

999 (5th Cir. 1985). Although a court can elect to withdraw the reference sua sponte, motions to withdraw must be "timely filed" by the party seeking to withdraw. 28 U.S.C. § 157(d).

    A.    <u>Nature of the Proceedings</u>

Although § 157 does not explicitly define "core proceeding," § 157(b) provides a non-exhaustive, comprehensive list of matters considered core proceedings. Extrapolating from this list, the Fifth Circuit defines core proceedings as those that "involve[] a right created by the federal bankruptcy law" or that "would arise only in bankruptcy." <u>Matter of Wood</u>, 825 F.2d 90, 97 (5th Cir. 1987). "If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be <u>related</u> to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an 'otherwise related' or non-core proceeding." <u>Id.</u>

The claims at issue, including the fee controversy currently before the Fifth Circuit, all arise out of PACA. They do not arise out of the Bankruptcy Code, and they are not the type of claims that arise only in bankruptcy. Although the claims were related to the bankruptcy proceedings and were therefore properly referred to the bankruptcy court, they can nevertheless exist outside of bankruptcy. Accordingly, the claims are non-core.

Nevertheless, Plaintiffs' consent to adjudication in bankruptcy court weighs in favor of denial of the motion to withdraw reference. The Holland America court's concern about the nature of proceedings is whether the bankruptcy court has full adjudicatory jurisdiction over the claims or whether it has a restricted, magistrate-type role that requires district court approval on dispositive issues. E.g., Mirant Corp. v. S. Co., 337 B.R. 107, 115–16 (Bankr. N.D. Tex. 2006). Because the parties consented to the bankruptcy court's jurisdiction in adjudicating this case, the bankruptcy court is able to make final decisions on dispositive issues arising out of the PACA claims. See In re OCA, Inc., 551 F.3d 359, 368 (5th Cir. 2008) ("In a non-core proceeding, the parties may consent to have a bankruptcy court 'enter appropriate orders and judgments.' Such consent may be express or implied. Failure to object in the bankruptcy court may constitute implied consent."). In fact, the bankruptcy court has already made those determinations, which are pending resolution at the Fifth Circuit. Therefore, the preference for withdrawing the reference in non-core proceedings is inapplicable to this case; instead, in light of its rationale, the factor weighs in favor of denial.

B. Forum Shopping

"Motions to withdraw pose significant risks of forum shopping because a party can first observe the bankruptcy judge' rulings, and then decide whether to bring the motion." City Bank v. Compass Bank, No. EP-11-MC-372-

9

KC, 2011 WL 5442092, at *6 (W.D. Tex. Nov. 9, 2011).  Accordingly, when the bankruptcy court has full jurisdiction to decide the matters at issue, the district court must be careful to assess the movant's intent in seeking withdrawal to the district court.  See In re EbaseOne Corp., No. 01-31527-H4-7, 2006 WL 2405732, at *4 (Bankr. S.D. Tex. June 14, 2006) (finding that there was no concern of forum shopping when the bankruptcy court would not have had adjudicatory jurisdiction over the issue and would only submit recommended findings of fact and conclusions of law to the district court).

Defendant argues that Plaintiffs' Motion is motivated by forum shopping and that Plaintiffs merely attempt "to move the case to the Court which has ruled in its favor."  (Dkt. # 1 at 48.)  Although the Court recognizes the risk of forum shopping motivating the request, the changed circumstances tend to negate the inference.  At the time that Plaintiffs moved for transfer to the bankruptcy court, active administration of the bankruptcy estate necessitated resolution of the PACA claims.  Motion to Stay Case, Muller Trading Co., Inc. v. Delta Produce, No. 5:12-CV-46, Dkt. # 24 at 4 (W.D. Tex. Jan. 5, 2012).  Had the PACA claims remained in federal court, the Court would have needed to grant all creditors the right to intervene in the proceedings, effectively duplicating much of what would already be done in the bankruptcy court.  (Id.)

At present, the bankruptcy estate is in the process of closing.  The

concern that prompted Plaintiffs to consent to the bankruptcy court's jurisdiction no longer exists in the litigation. Accordingly, the Court finds the forum shopping factor neutral.

    C.    Efficiency Considerations: Use of Resources, Uniformity in Proceedings, and Expediting the Bankruptcy Process

"When a debtor, or trustee administering the bankruptcy estate, needs to bring quick resolution to the matters at bar, and the bankruptcy court is familiar with the parties, the factual background, and the legal issues involved, the goals of judicial efficiency and economical use of the parties' resources are best met by allowing the suit to remain in the bankruptcy court." In re EbaseOne Corp., 2006 WL 2405732, at *5. Here, the bankruptcy court is intimately familiar with the parties and the background of the case, given its pendency in the bankruptcy court for the past two years.

At the time of filing, the Trustee indicated that the only open matters in the bankruptcy case were (1) entry of order on trustee's application and agreed order, which was submitted; (2) filing of final report and US Trustee review; (3) notice of final report and opportunity for hearing; (4) post-distribution audit by US Trustee; and (5) closure of case. (Dkt. # 1 at 41.) At present, all but the final two steps have been completed. In re Delta Produce, No. 12-50073-CAG (Bankr. W.D. Tex.). However, the bankruptcy court has explicitly excluded the

controversy regarding the non-estate PACA Trust assets and the recovery and distribution of those assets from the closure.  (Id., Dkt. # 663.)  Given the Special Counsel's familiarity with the PACA claimants and the proceedings and the fact that the claims remain open in bankruptcy court, efficiency considerations weigh in favor of denying the withdrawal.

    D.    Jury Demand

Because the PACA claims issues have already been decided and are merely pending resolution on appeal, jury demand is not an issue in this case.

Accordingly, the weight of the Holland America factors balance against withdrawal of the reference in this case.  The Court therefore **DENIES** Plaintiffs' Motion.[1]

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Withdraw Reference (Dkt. # 1 at 2).

---

[1] The final consideration in a motion to withdraw is timeliness.  See 28 U.S.C. § 157(d).  Because the Court finds that the Holland America factors weigh in favor of denying withdrawal, the Court need not reach the question of whether Plaintiffs have met § 157(d)'s timeliness requirement.

13

**IT IS SO ORDERED.**

**DATED**: San Antonio, Texas, February 27, 2015.

_____
David Alan Ezra
Senior United States Distict Judge